AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

_____ DISTRICT OF _____

UNITED STATES OF AMERICA

V.

James B. Holyoke

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 05-MJ-00024-LTS

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about  June 10, 2005  in  Suffolk  county, in the District of  Massachusetts  defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally conspire to distribute and possess with intent to distribute methamphetamine, a Schedule II controlled substance

in violation of Title  21  United States Code, Section(s)  846 and 841(a)(1) .

I further state that I am a(n)  Task Force Agent  and that this complaint is based on the following
                                   Official Title
facts:

See Affidavit of Task Force Agent Peter J. McCarron, attached hereto and incorporated herein by reference.

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

06-15-2005                        at        Boston, MA
Date                                         City and State

Hon. Leo T. Sorokin, United States Magistrate Judge    _____
Name & Title of Judicial Officer                       Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

**Affidavit Of Task Force Agent Peter J. McCarron**

I, Peter J. McCarron, on oath depose and state that:

1. I am a Detective with Massachusetts Bay Transit Authority (MBTA) and have been so employed since 1983. I am currently assigned to the Drug Enforcement Administration (DEA) as a Task Force Agent. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations and make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2. I make this affidavit based upon personal knowledge derived from my participation in this investigation and upon information provided to me by other federal, state, and local law enforcement officers. This affidavit is submitted in support of a Criminal Complaint and Arrest Warrant for James B. Holyoke for violations of 21 U.S.C. § 846 and §841(a)(1), conspiracy to distribute methamphetamine and possession of methamphetamine with intent to distribute. The investigation in this matter is ongoing, and involves many persons and agencies. Accordingly, I have not included each and every fact known to me and to other agents working in this investigation. Instead, I have included only those facts which I believe are necessary to establish the existence of probable cause to support the issuance of the Complaint and Arrest Warrant.

3. Based on my training and experience, I know that methamphetamine is a Schedule II controlled substance under federal law, that it is secretly manufactured in the United States, and that it is often transferred from the West Coast to the East Coast by means of the mail system and/or private shipping companies. In addition, I know that

methamphetamine is commonly consumed by users by smoking, snorting, ingesting, or injecting it. Methamphetamine distributors often sell the product in a crystal form commonly referred to as "ice." This form of methamphetamine has the appearance of rock candy or ice crystals and it is commonly referred to by users and dealers as crystal methamphetamine.

4. Based on my training and experience, I am aware that methamphetamine dealers, like other drug traffickers, typically have articles for the repackaging, distribution, storage or use of drugs at the place where they receive the drugs from their source of supply, whether that place is a private residence, a hotel room, a storage facility, or other location. These items include drug scales, drug paraphernalia, packing materials for distribution of drugs, money, cell phones, pagers, drug records, and other evidence and instrumentalities of drug trafficking.

5. James Holyoke ("Holyoke") has been the subject of an investigation by an FBI/DEA task force for methamphetamine distribution and distribution of "ice." Methamphetamine dealers in Boston frequently rent hotel rooms and other commercial premises for the purpose of receiving packages of methamphetamine. Investigators have learned that Holyoke has attempted to check in to more than one Boston hotel in the past few weeks using the name Ramond Kevorkian. Investigators were informed by hotel sources that Holyoke had a photo identification and credit card under this name. Hotel sources also reported that Holyoke had reported an address of 304 Newbury Street, Apt. 144, Boston, MA 02115 as his address.

6. The subscriber information on the cellular telephone number provided by Holyoke to a

hotel as his contact number also comes back to the address of 304 Newbury Street. Investigation revealed that this address is not a residence, but rather refers to a box at a commercial mailing service, the UPS Store (formerly known as Mailboxes Etc). According to UPS Store records, Kristi Turgeon is a co-signatory on this mailbox. The UPS Store reported that Holyoke receives one or two packages per week at this box.

7. On June 10, 2005, investigating agents learned that a Federal Express package, tracking number 8520 0112 3786 addressed to Kristi Turgeon, c/o Boston Medical Facilities Lab, 304 Newbury Street 144 Boston, MA 02115 had been received at the UPS Store. An individual later identified as Brian Ouellette approached the UPS Store personnel before noon on June 10, 2005 and asked about a Federal Express package for Box 144. UPS personnel told Ouellette that Federal Express deliveries had not yet been received, and Ouellette left the store. Law enforcement officers surveilled the store and observed Brian Ouellette re-enter the store at approximately 1:45 p.m. Ouellette received the package and left the store.

8. Law enforcement agents approached Ouellette, and he asserted that he believed that the package he was picking up belonged to Holyoke. He agreed to work with law enforcement agents to effect a controlled delivery of the package to Holyoke. Ouellette reported that he had been at the Hotel Commonwealth with Holyoke and Kristi Turgeon earlier that day and that he was to deliver the package to 170 Winthrop Avenue, Revere, and place it inside the outer door. Law enforcement officers recognized this as an address previously used by Holyoke. Ouellette also reported seeing lines of white powder on a clipboard in Holyoke's room at the Hotel Commonwealth. Ouellette reported that Holyoke was registered at the Hotel Commonwealth under the name Ramond Kevorkian.

9. Law enforcement agents observed Holyoke at the Hotel Commonwealth in the company of a person later identified as Michael Cox. Holyoke had in his possession a black roller suitcase. The brand name Bovano was embossed on a band along the center of the suitcase. Investigation confirmed that Holyoke was registered at this hotel under the name Ramond Kevorkian. Holyoke had been registered at the Hotel Commonwealth under the name Raymond Kevorkian, staying in room 520. Law enforcement agents were admitted to the room vacated by Holyoke shortly after he checked out. The trash in that room contained plastic bags which appeared to contain trace amounts of methamphetamine. The trash also contained documents recognized by law enforcement agents to be drug ledgers.

10. While Ouellette was with law enforcement agents, Ouellette received a call on his cellular telephone which Ouellette identified as being from Holyoke based on name which appeared on the incoming call screen. This call was monitored and recorded by law enforcement. During the monitoring process, a task force agent who is familiar with Holyoke's voice from arresting Holyoke as well as from other sources recognized the voice of the caller as Holyoke. Holyoke instructed Ouellette to bring the package to Hotel Commonwealth instead of delivering it to Revere. Ouellette went to the Hotel Commonwealth. As he approached the hotel, he encountered Kristi Turgeon on the sidewalk with a person later identified as John Day. Investigators observed Ouellette deliver the package to Kristi Turgeon, who placed it in her bag. Ouellette told law enforcement officers that Holyoke had rented a room for the night at the Wyndham hotel in Boston. The Wyndham Boston Hotel (the "Wyndham") is located at 89 Broad Street,

Boston, MA. Investigation confirmed that Holyoke was registered at the Wyndham under the name Ramond Kevorkian, in room 1419. The room was registered exclusively in Kevorkian's name, with no other guests or occupants identified.

11. Law enforcement officers recovered the package from Turgeon and arranged for a narcotics detection dog, Tracer, to inspect the package. Tracer is a 5 year old yellow labrador retriever who has been in service as a drug detection dog since 2001 and has been continuously certified since that time. Her training is reinforced by her handler on a semi-monthly basis. Tracer alerted to the package as positive for narcotics.

12. Law enforcement agents sought and received a search warrant for the package. The package was searched pursuant to the warrant and was found to contain more than 500 grams of a substance which field-tested positive for methamphetamine.

13. Law enforcement agents sought and received a search warrant for Room 1419 of the Wyndham Hotel. That room was searched pursuant to the warrant, and agents located methamphetamine and marijuana, as well as drug paraphernalia, including pipes and torches in and about the hotel room. Agents also located a Bovano roller bag, which appeared to be the same bag which Holyoke had in his possession at the Hotel Commonwealth earlier that day. Additionally, agents saw and retrieved two bags outside of the room on the fourteenth story window ledge, accessible only from the windows of Room 1419. A search warrant was obtained on these bags. One bag contained thousands of dollars in cash. The second bag contained false identification cards, including a false California drivers' license, bearing the name Ramond Kevorkian with the photograph of James Holyoke, as well as the credit card, under the name Ramond Kevorkian, which

Holyoke had used to check into the Wyndham. The second bag also contained approximately 50 grams of a substance which field tested positive for methamphetamine, packaging materials for methamphetamine distribution, drug scales, small spoons and pipes for dosing and smoking drugs, and torches associated with smoking methamphetamine.

14. Based on the foregoing, I submit that there is probable cause to believe that James Holyoke conspired to distribute and possessed with intent to distribute methamphetamine, a Schedule II controlled substance, in Boston, Suffolk County, in the District of Massachusetts, in violation of Title 21, United States Code, Section 846 and 841(a)(1).

Peter J. McCarron
Task Force Agent

Sworn to and subscribed before me this 15th day of June, 2005

Leo T. Sorokin
United States Magistrate Judge
District of Massachusetts

AO 442 (Rev. 5/93) Warrant for Arrest

# United States District Court

———— DISTRICT OF ————

UNITED STATES OF AMERICA

v.

James B. Holyoke

**WARRANT FOR ARREST**

CASE NUMBER: 05-MJ-_0024_-LTS

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ James B. Holyoke _____
                                                      Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☒ Complaint  ☐ Order of court  ☐ Violation Notice  ☐ Probation Violation Petition

charging him or her with (brief description of offense)
knowingly and intentionally conspire to distribute and possess with intent to distribute methamphetamine, a Schedule II controlled substance

in violation of
Title ___21___ United States Code, Section(s) 846 and 841(a)(1)

Hon. Leo T. Sorokin
Name of Issuing Officer

United States Magistrate Judge
Title of Issuing Officer

Signature of Issuing Officer

06-15-2005    Boston, MA
Date and Location

Bail fixed at $ _____   by _____
                              Name of Judicial Officer

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at _____

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

This form was electronically produced by Elite Federal Forms, Inc.

AO 442 (Rev. 5/93) Warrant for Arrest

## THE FOLLOWING IS FURNISHED FOR INFORMATION ONLY:

DEFENDANT'S NAME: James B. Holyoke

ALIAS: Ramond Kevorkian

LAST KNOWN RESIDENCE:

LAST KNOWN EMPLOYMENT:

PLACE OF BIRTH:

DATE OF BIRTH (4 digit year): 00-00-1981

SOCIAL SECURITY NUMBER (last 4 digits only): 000 - 00 - 1030

HEIGHT: 5' 6"          WEIGHT: 160

SEX: M                 RACE: W

HAIR: Black            EYES: Brown

SCARS, TATTOOS, OTHER DISTINGUISHING MARKS:

FBI NUMBER:

COMPLETE DESCRIPTION OF AUTO:

INVESTIGATIVE AGENCY AND ADDRESS:

Allowed by TWhat was 6/17/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In Re Complaint ) 05-MJ 00024-LTS
)

## MOTION TO UNSEAL

The United States of America respectfully moves this Court to unseal the complaint and supporting affidavit in this matter, in order to permit the defendant to review it.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Nancy Rue
Assistant U.S. Attorney